**Lionel AUBIN, et al.,**
**Plaintiffs, Appellees,**

v.

**Stanley FUDALA, etc.,**
**Defendant, Appellant.**

**No. 87–1036.**

United States Court of Appeals,
First Circuit.

Argued May 7, 1987.
Decided June 22, 1987.

Robert A. Casassa with whom Theodore Wadleigh and Wadleigh, Starr, Peters, Dunn & Chiesa, Manchester, N.H., were on brief, for defendant, appellant.

Gary L. Casinghino with whom William H. Craig and Craig & Wenners, P.A., Manchester, N.H., were on brief, for plaintiffs, appellees.

Before BOWNES and BREYER, Circuit Judges, and CAFFREY,* Senior District Judge.

BREYER, Circuit Judge.

This case is before us for the third time. In *Aubin v. Fudala,* 782 F.2d 280 (1st Cir.1983) (*Aubin I*), we upheld jury verdicts awarding plaintiff Lionel Aubin $300,-000 in a state tort action and $500 in a related federal civil rights action. Both claims arose out of a New Year's Eve, 1979, incident in which defendant, police officer Stanley Fudala, mistook Aubin for a burglar and shot him in the shoulder. Then, in *Aubin v. Fudala,* 782 F.2d 287 (1st Cir.1986) (*Aubin II*), we vacated the district court's award of $146.34 in attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The district court had calculated attorney's fees by discounting the "lodestar"—the hours attorneys worked on the litigation times a reasonable hourly rate—by the ratio of the damages awarded in the civil rights claim ($500) to the total damages awarded ($300,500). We held that this mechanical discounting was inappropriate, especially in light of the Supreme Court's holding in *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), that a plaintiff is entitled to fees under § 1988 for hours worked not only on successful civil rights claims, but also on other claims involving a "common core of facts" or "related legal theories." We therefore remanded the case to the district court and instructed it to determine whether an appropriate "interconnection" exists among Lionel Aubin's state tort action, his successful federal civil rights claim, and various other claims brought by Lionel Aubin and members of his family as a result of the 1979 incident.

On remand, the district judge determined that "there is clearly interconnection of the various claims." (A. 113.) He expressed his opinion that the jury awarded a large sum in the state tort action and only a nominal amount in the federal civil rights action not because the state claim was stronger, but because "juries are generally more familiar with negligence concepts, and given alternative routes to recovery they generally choose to follow the more familiar path." (A. 113 n. 1.) Accordingly, the district judge made no generalized discount of the lodestar to account for unsatisfactory "results obtained." *Hensley v. Eckerhart,* 461 U.S. at 434, 103 S.Ct. at 1940. He did, however, examine each attorney's time sheets and disallowed hours that he determined to be either redundant or extraneous and reduced, in some cases, the requested hourly rate. All told, the district judge awarded $88,888.75 out of a requested $115,231.70 in attorney's fees.

■ Defendant Fudala appeals from this award. He argues, first, that the district court failed to consider the "results obtained" in plaintiff's federal civil rights actions and to adjust the lodestar according to plaintiff's "level of success" in those actions. *Hensley v. Eckerhart,* 461 U.S. at 434, 103 S.Ct. at 1940. As we have already noted, however, the district court explicitly concluded that there was an "interconnection" among the various claims litigated by plaintiff's attorneys. Such an interconnection suggests that the state tort claim and the basic federal civil rights claim involved a "common core of facts" or were based on "related legal theories." *Id.* at 435, 103 S.Ct. at 1940. Because plaintiff achieved substantial success on his tort claim, the district judge could properly conclude that the "results obtained" justified awarding a generous fee under the civil rights act.

■ Appellant argues that the district judge should have spelled out more explicitly his reasoning in concluding that there was an "interconnection" among the various claims. And, having found such an interconnection to exist, he should have explained more pointedly why a total award of $300,500 was a "level of success" that warranted nearly $89,000 in attorney's

---

* Of the District of Massachusetts, sitting by designation.

fees. *See Hensley v. Eckerhart,* 461 U.S. at 437, 103 S.Ct. at 1941 ("[T]he district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained."). We think, however, that given the familiarity with the facts of this case that is shared by the parties, the district judge, and this court, an extensive discussion was not legally required. All of the lawsuits arose out of a short series of interactions between the Aubins and a few policemen on New Year's Eve, 1979. We have described those facts and their relationship to the various claims in *Aubin I.* In *Aubin II,* we assumed that the claims might be so interconnected as to justify an award, under *Hensley,* of fees for time spent on all claims. The district court has simply confirmed that assumption. And, the size of the negligence award—$300,000 —demonstrates that these interrelated claims achieved a substantial "level of success."

■ Second, appellant argues that the district court should have reduced the fee award to account for time spent by Aubin's lawyers in preparing clearly unsuccessful claims (for example, the state and civil rights claims of Lionel's brother Normand), in defending appeals brought by other defendants, and in duplicating other attorneys' efforts. Given the factual interrelationship of *all* the claims, however, we do not believe that the district court abused its discretion in choosing not to require further parsing detail on the attorneys' time sheets. It might not have been practical for the lawyers to allocate each hour among the several factually related legal claims. *See City of Riverside v. Rivera,* — U.S. —, 106 S.Ct. 2686, 2692 n. 4, 91 L.Ed.2d 466 (1986) (plurality opinion) ("[W]hile it is true that some of the disputed time records do not identify the precise claims worked on at the time, we find this lapse unimportant, in light of the District Court's finding that all of respondents' claims were interrelated."). Nor can we find legal fault with the district court's examination of the time sheets or its determinations about which hours were duplicative or not fairly charged to appellant.

"We reemphasize that the district court has discretion in determining the amount of a fee award." *Hensley v. Eckerhart,* 461 U.S. at 437, 103 S.Ct. at 1941. And, we shall "accord deference to the exercise of that discretion." *Grendel's Den v. Larkin,* 749 F.2d 945, 950 (1st Cir.1984).

We stress that the district court has broad authority to determine the proper fee and to require a practical level of time sheet precision. The district court has greater familiarity with the litigation than do we. And, it is important not to encourage "frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart,* 461 U.S. at 437, 103 S.Ct. at 1941. "A request for attorney's fees should not result in a second major litigation." *Id.* As the eighth circuit stated in *Moore v. City of Des Moines,* 766 F.2d 343, 346 (8th Cir.1985):

> Our concern centers on the large number of cases on our docket alleging an abuse of the district court's discretion which are based simply on the amount of an attorneys' fee award. Such appeals often lack substance and hinder the prompt disposition of more meritorious appeals. The dockets of all federal courts are overcrowded. We suggest to the bar and to individual counsel that as officers of the court, lawyers have a responsibility in limiting litigation over attorneys' fees.

■ In sum, we affirm the district court's award of attorney's fees based on its finding of an "interconnection" among the various claims tried below. We conclude as well that the district court did not abuse its discretion in calculating the precise award. And, because we do not wish to see appellee's award further reduced by the cost of endlessly litigating the issue of attorney's fees, we hold that Lionel Aubin is entitled to reasonable costs and attorney's fees incurred in successfully defending this appeal. *Accord Coalition for Basic Human Needs v. King,* 691 F.2d 597, 603 (1st Cir.1982); *Lund v. Affleck,* 587 F.2d 75, 77 (1st Cir.1978).

*Affirmed and remanded for an award of attorney's fees and costs.*