George FEWQUAY, Plaintiff–Appellee, Cross–Appellant,

v.

William PAGE, in his official capacity, Linda Berkowitz, in her capacity, Defendants–Appellants, Cross–Appellees.

No. 89–5118.

United States Court of Appeals, Eleventh Circuit.

July 13, 1990.

See also, D.C., 682 F.Supp. 1195.

John Miller, Gen. Counsel, Dept. of Health and Rehabilitative Services, Talla-hassee, Fla., for defendants-appellants, cross-appellees.

Louis M. Jepeway, Jr., Jepeway and Jepeway, Miami, Fla., for plaintiff-appellee, cross-appellant.

Before KRAVITCH and ANDERSON, Circuit Judges, and GODBOLD, Senior Circuit Judge.

BY THE COURT:

Plaintiff George Fewquay won this employment discrimination case against defendants William Page and Linda Berkowitz, and the district court awarded Fewquay attorney's fees under 42 U.S.C. § 1988. The defendants appealed the award of attorney's fees, and the plaintiff filed a cross-appeal seeking an increase in the amount of fees. This court affirmed under Rule 36–1, thus resolving both appeals against the respective appellants. Plaintiff and defendants now seek attorney's fees for time spent defending the other side's appeal.

Fewquay is entitled to attorney's fees under § 1988 as a prevailing plaintiff successfully defending an attack on the award in his favor on appeal. *See, e.g., Ustrak v. Fairman*, 851 F.2d 983 (7th Cir. 1988); *Aubin v. Fudala*, 821 F.2d 45 (1st Cir.1987); *Greater Los Angeles Council on Deafness v. Community Television of Southern California*, 813 F.2d 217 (9th Cir.1987). The defendants contend that this issue is controlled not by § 1988, but by Fed.R.App.P. 39(a), relying on *Buian v. Baughard*, 687 F.2d 859 (6th Cir.1982). However, the Sixth Circuit has explicitly overruled this case, relying on precedent from this circuit's predecessor. *See Kelley v. Metropolitan County Bd. of Educ.*, 773 F.2d 677, 681–82 (6th Cir.1985) (en banc) (citing *Robinson v. Kimbrough*, 652 F.2d 458, 463 (5th Cir. Aug. 1981)), *cert. denied*, 474 U.S. 1083, 106 S.Ct. 853, 88 L.Ed.2d 893 (1986); *see also Lattimore v. Oman Constr.*, 868 F.2d 437, 440 n. 6 (11th Cir. 1989) (per curiam). Fewquay is entitled to

fees relating to his defense of the defendants' appeal.

Defendants are not entitled to attorney's fees for time spent defending the plaintiff's cross-appeal. A defendant may receive such fees only when the plaintiff's unsuccessful appeal was frivolous. *See Fidelity Guarantee Mortgage Corp. v. Reben,* 809 F.2d 931, 938 (1st Cir.1987); *Munson v. Friske,* 754 F.2d 683, 698 n. 10 (7th Cir. 1985). Defendants do not contend that Fewquay's appeal was frivolous, nor do we find that it was.

Defendants' motion for attorney's fees is DENIED. Fewquay's motion for attorney's fees is GRANTED, and we REMAND the case to the district court to determine a reasonable attorney's fee.