# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2626

_____

Amy J. Murray,                                      *
                                                    *
   Plaintiff - Appellee,               *
                                                    * Appeal from the United States
  v.                                        * District Court for the
                                                    * Northern District of Iowa.
 City of Onawa, Iowa,                            *
                                                    *
   Defendant - Appellant,              *
                                                    *
James W. Fouts,                                     *
                                                    *
   Defendant.                          *

_____

Submitted: February 12, 2003

Filed: March 17, 2003

_____

Before WOLLMAN, HEANEY and MELLOY, Circuit Judges.

_____

HEANEY, Circuit Judge.

  This is an appeal from a successful § 1983 claim for stalking and sexual harassment by a police officer. The City of Onawa, Iowa was found not to have protected Amy Murray from sexual harassment, and the jury awarded the plaintiff

nominal damages. The district court[1] awarded her $7,428 in attorneys' fees. The City appeals, and we affirm.

I.

Amy Murray is the wife of Ed Murray, the City of Onawa's Chief of Police. During the summer of 1999, Amy began a consensual extramarital affair with Dan Fouts, an officer with the Onawa Police Department. After two months, Amy decided she did not want to continue the affair, and told Officer Fouts their liaison was over. Fouts indicated that he did not consider the affair over and continued to stalk Amy. While in uniform and driving a police squad car, Fouts would drive behind Amy and turn on his lights and siren, causing Amy to pull over. Fouts would accost Amy and demand that their relationship continue. On September 27, 1999, Amy told her husband about the affair, which disturbed Ed so greatly that he had to leave his post as Chief of Police. Fouts continued to follow Amy Murray despite her repeated statements that she no longer wanted to see him.

Shortly thereafter, the Murrays went to see Onawa City officials about Fouts's behavior. The Murrays first talked to Jeff Pratt, then Acting Chief of Police. Amy disclosed that Fouts had been following her in a patrol car and pulling her over while in uniform. Pratt responded that he was not in a position to do anything, and recommended speaking with Mayor David Sick. Sick explained that he was not going to become involved in the police department's internal affairs.[2] The Murrays finally went to talk to the city attorney, Gary Taylor. Taylor, after hearing Amy's story, opined that she should consider a different route home. The record indicates that no

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

[2]Mayor Sick may have been responding to earlier requests to fire Officer Fouts for immoral behavior; it is unclear whether he knew of the harassment claim.

formal action was taken to address the Murrays' requests for an investigation, nor was any other action taken by city officials. Fouts eventually ceased harassing Amy, but only after her husband physically assaulted him.

Amy Murray filed suit against the City of Onawa and Officer Fouts under 42 U.S.C. § 1983. The jury decided in favor of Officer Fouts, but found that the City had violated § 1983, and awarded Amy one dollar. She then moved for attorneys' fees. The district court determined that fees and costs were not warranted in the case against Officer Fouts, but were reasonable against the city. The district court therefore awarded Amy one-half of her attorneys' fees, or $7,428.25. The City of Onawa appeals both the jury's award and the court's imposition of attorneys' fees.[3]

## II.

The City first argues that the district court abused its discretion by submitting certain instructions to the jury. The offending instructions were numbers 10, 11, 11a, and 12.[4] The City primarily argues that Instruction Number 10 was erroneous, because

---

[3]The other claims are without merit and we do not address them here.

[4]Instruction Number 10 reads:

On plaintiff's claim against the defendant City of Onawa, the plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1. That the City Officials were made aware of her claim of stalking and sexual harassment by Officer Fouts;
2. That the City Officials acted with deliberate indifference when they declined to take any action to protect the plaintiff;
3. That this deliberate indifference was the proximate cause of damages to the plaintiff, as the term "proximate cause" is defined in Instruction No. 12.

it only required the plaintiff to prove that City officials did not respond to her complaints. The City argues that the proper instruction would have required Amy Murray to prove that her claims had some merit, and that Onawa officials did not respond to her meritorious claims. The City also argues that Instruction Number 10 fails to require a connection between proof of a damage and the City's omissions, as well as not requiring a constitutional violation to be established.

We review a court's jury instructions for an abuse of discretion. Bennett v. Hidden Valley Golf and Ski, Inc., 318 F.3d 868, 873 (8th Cir. 2003). "The trial court has broad discretion in formulating jury instructions." Vaughn v. Ruoff, 304 F.3d 793, 795 (8th Cir. 2002). When we consider a district court's alleged failure to give a requested instruction, the omission is an error only "'if the requested instruction is correct, not adequately covered by the charge given, and involves a point so important that failure to give the instruction seriously impaired the party's ability to present an effective case.'" Stauch v. City of Columbia Heights, 212 F.3d 425, 432 (8th Cir. 2000) (quoting Thomlison v. City of Omaha, 63 F.3d 786, 790-91 (8th Cir. 1995)). A claim arising under § 1983 must allege that conduct of a defendant acting under color of state law deprived a plaintiff of a right, privilege, or immunity secured by the

---

> If you find that each of these things has been proved, your verdict should be for the plaintiff on her claim against the City of Onawa. On the other hand, if any of these things has not been proved, your verdict should be for the defendant.
>
> Instruction Number 12 states:
>
> An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a moving part in bringing about or actually caused the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

The City's arguments surrounding Instructions 11, 11a, and 12 are without merit and so we do not address them here.

Constitution or the laws of the United States.  Hott v. Hennepin County, Minnesota, 260 F.3d 901, 905 (8th Cir. 2001).

Read as a whole, we believe the jury instructions require Amy to establish more than mere inaction on the part of the City.  Amy had to prove that the city officials deliberately chose to ignore her allegations regarding Officer Fouts, and that their failure to act was the proximate cause of her mental distress and other psychological injuries.  Although they are not models of clarity, these instructions imply that Amy had to prove her allegations had some merit.  We believe that instructing the jury to specifically find her claims meritorious would be redundant and unfairly prejudicial.  The jury must have found merit in Amy's allegations; otherwise, they could have found she was not injured under Section Three of Instruction Number 10.  We do not hold these instructions out as examples for further instructions; we only find the district court did not abuse its discretion in crafting the instructions as it did.

The City next argues the district court erred by awarding attorneys' fees on a nominal jury award.  We review the award of attorneys' fees for an abuse of discretion.  Birmingham v. Omaha Sch. Dist., 298 F.3d 731, 734 (8th Cir. 2002).  Under 42 U.S.C. § 1988, a district court may award attorneys' fees to a  party who prevails on a § 1983 action.  Cody v. Hilliard, 304 F.3d 767, 772 (8th Cir. 2002).  "A plaintiff who prevails under a statute covered by § 1988 is normally entitled to fees."  Id.  A litigant is a prevailing party if he obtains actual relief on the merits of his claim that "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Farrar v. Hobby, 506 U.S. 103, 111-112 (1992).  This court has looked to Justice O'Connor's concurrence in Farrar to help guide it in determining whether attorneys' fees are warranted.  Jones v. Lockhart, 29 F.3d 422, 423-424 (8th Cir. 1994).  Justice O'Connor offered a three part analysis to determine whether the plaintiff had won merely a technical victory in a civil rights case: 1) the difference between the damages sought and the amount recovered; 2) the significance of the legal issue on which the plaintiff prevailed; and 3) any public goal or purpose the lawsuit may have served.  Farrar, 506 U.S. at 121.

We believe that, after applying these factors, the district court did not abuse its discretion. First, the amount Amy sought and the amount she received ($500,000 and $1, respectively) was not an outrageous split. Compare Lockhart, 29 F.3d at 424 (attorneys' fees granted where $860,000 was sought, and $2 were received), and Farrar, 506 U.S. at 114-115 (attorneys' fees not granted where $17 million was sought, and $1 awarded). Second, we believe compelling city officials to make at least cursory investigations into serious allegations of police abuse and misconduct are significant legal issues. Finally, we find that a clear public policy is served by this case. Specifically, police departments and cities should be on notice that they cannot ignore allegations of sexual harassment and other abuses. The City should have at least investigated Amy's complaints. Furthermore, the record shows the district court split the recoverable attorneys' fees in half to reflect that the City prevailed in its defense of Officer Fouts. It was well within the district court's discretion to award attorneys' fees in this case.

III.

Since the district court did not abuse its discretion in writing the jury instructions or in awarding attorneys' fees from a nominal award, we affirm the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-