# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3322/03-1422

_____

| | |
|---|---|
| Steve Warnock, | * |
| | * |
| Appellant, | * |
| | * |
| v. | *  Appeals from the United States |
| | *  District Court for the Eastern |
| Charles Archer, Individually and as | *  District of Arkansas. |
| Superintendent; Charles Eads, | * |
| Individually and as Principal; Gene | * |
| Baldwin, Individually and as School | * |
| Board President; David Smith, | * |
| Individually and as member of the | * |
| Board of Directors of the Devalls Bluff, | * |
| Arkansas Public School District; | * |
| L.C. Holloway, Individually and as | * |
| member of the Board of Directors of the | * |
| Devalls Bluff, Arkansas Public School | * |
| District; Verna Gaddy, Individually and | * |
| as member of the Board of Directors of | * |
| the Devalls Bluff, Arkansas Public | * |
| School District; Melvin Hula, | * |
| Individually and as member of the | * |
| Board of Directors of the Devalls Bluff, | * |
| Arkansas Public School District; Vera | * |
| Doepel, Individually and as member | * |
| of the Board of Directors of the | * |
| Devalls Bluff, Arkansas Public School | * |
| District; Emma Gray, Individually and | * |
| as member of the Board of Directors of | * |

the Devalls Bluff, Arkansas Public     \*
School District; Devalls Bluff Public     \*
School District,     \*
    \*
           Appellees.     \*
--------------------------------------------     \*
    \*
Americans United for Separation of     \*
Church and State,     \*
    \*
           Amicus on Behalf     \*
           of Appellant.     \*

_____

Submitted: May 10, 2004
Filed: February 4, 2005

_____

Before MORRIS SHEPPARD ARNOLD, McMILLIAN, and MELLOY, Circuit
     Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Our opinion on the merits in this case is *Warnock v. Archer*, 380 F.3d 1076 (8th Cir. 2004).

Steve Warnock has moved for attorney's fees and what he refers to as "costs" on appeal from the defendants, and the defendants have filed objections. We reject the defendants' contention that a motion for attorney's fees on appeal must be filed in the district court, *see Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 21 F.3d 237, 243 (8th Cir. 1994); *Reel v. Arkansas Dep't of Correction*, 672 F.2d 693, 699 (8th Cir. 1982), and we grant the motion, in part.

Shortly after the appeal was filed, Mr. Warnock's trial counsel withdrew. Mr. Warnock was granted *in forma pauperis* status and, under the inherent power of the court, we ordered attorney Morgan Welch of the firm of Eubanks, Welch, Baker & Schulze, to represent him on all but the defendants' cross-appeal of the district court's attorney's fee award; that issue was addressed by the Arkansas Education Association (AEA). Mr. Warnock seeks $23,980 for attorney's fees and $2580.97 for what he terms "costs" billed by the Eubanks firm: Mr. Welch billed 6.9 hours at $200 per hour ($1380), and (after Mr. Welch became ill) his partner, Gerry Schultze, billed 113 hours at the same hourly rate ($22,600). Mr. Warnock also requests $6235 for the services of the AEA. Clayton Blackstock, the AEA's general counsel, billed 29.9 hours at $200 per hour ($5,980), another AEA attorney billed .6 hours at a $175 per hour ($105), and a paralegal billed 3 hours at $50 per hour ($150).

Mr. Warnock brought this action under 42 U.S.C. § 1983, challenging conduct of the defendants on establishment-clause grounds. The "prevailing party" in a § 1983 action is generally entitled to "a reasonable attorney's fee." *See* 42 U.S.C. § 1988; *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

I.

The defendants argue that Mr. Warnock is not entitled to fees on appeal because he did not "prevail" in this court. In general, if a plaintiff prevails in the district court, but then seeks and fails to obtain greater relief on appeal, he or she "will be hard pressed to demonstrate an entitlement to ... attorney's fees on appeal." *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988). Here, however, Mr. Warnock succeeded on one issue that he raised on appeal – he sought and obtained a broader injunction that applied to meetings and events regardless of whether he was present. We conclude that this success qualifies him as a prevailing party and that, although monetary relief is not involved, the significance of the issue and the public purpose served by expanding the injunction supports an attorney's fee award, *see Murray v. City of Onawa, Iowa*, 323 F.3d 616, 619 (8th Cir. 2003). Furthermore, Mr. Warnock

successfully defended the cross-appeal in which the defendants challenged the district court's award of an injunction and damages, as well as attorney's fees. *See Fewquay v. Page*, 907 F.2d 1046, 1046 (11th Cir.1990); *Ustrak*, 851 F.2d at 990.

But Mr. Warnock did not prevail on all issues that he appealed, and the degree of his success is "the most critical factor" in determining a reasonable fee award. *See Farrar v. Hobby*, 506 U.S. 103, 114-15 (1992). There is "no precise rule or formula" for making fee determinations in cases with only partial success, *Hensley*, 461 U.S. at 436-37, and where, as here, the court cannot separate out which hours were billed for which issues, we "may simply reduce the award to account for the [plaintiff's] limited success," *id.* Although Mr. Warnock's attorneys' billing statements do not reflect the time spent on each issue, we note that his opening brief focused primarily on arguments that we rejected: He contended that he had made out a claim for unconstitutional harassment and that the district court's failure to recognize that claim resulted in its awarding him inadequate compensatory damages and no punitive damages. But the Eubanks attorneys did successfully argue that the injunction should be broadened, and they prevailed against the defendants' contention on cross-appeal that the district court should not have found in favor of Mr. Warnock on any of his claims. After considering the degree to which Mr. Warnock prevailed on the issues addressed by the Eubanks firm, we deduct fifty percent of the firm's total bill from the attorney's fee award. Mr. Warnock's partial success does not affect the AEA's bill, however, since it successfully defended the cross-appeal of the attorney's fee award.

## II.

Of course, the degree of the movant's success is not the only consideration in awarding attorney's fees, and the defendants challenge the attorneys' $200 hourly rate because Mr. Warnock supported it with only his lawyers' affidavits. The defendants rely on a footnote in *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984), which states that the fee applicant must "produce satisfactory evidence – *in addition to the attorney's own affidavits* – that the requested rates are in line with those prevailing

in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" (emphasis added). But Mr. Warnock's attorneys do not simply attest to the reasonableness of their hourly rate; they recite their extensive experience (*e.g.*, both Mr. Schultze and Mr. Blackstock have been practicing law for twenty years), Mr. Schultze cites over sixty cases in which he wrote appellate briefs, and Mr. Blackstock notes his experience involving schools and civil rights. In addition, when fixing hourly rates, courts may draw on their own experience and knowledge of prevailing market rates. *See e.g., Hall v. Borough of Roselle*, 747 F.2d 838, 841 (3d Cir. 1984). We note that in another appeal we recently approved an hourly rate of $250 for Mr. Welch and $225 for Mr. Schulze, and that nearly ten years ago we affirmed an Arkansas district court's use of a $200 per hour rate to calculate a fee award. *See Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1330 (8th Cir. 1995). Based on all of the circumstances, we conclude that $200 per hour is a reasonable rate in this case.

III.

The defendants have not questioned any particular items included in the attorneys' time sheets. But they argue that some charges in what is referred to by the Eubanks firm as a "bill of costs" are not within the narrow scope of costs generally chargeable on appeal under Fed. R. App. P. 39. We believe, however, that these charges are properly part of a fee award as items reasonably charged by attorneys to their clients. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996) (per curiam). With regard to these charges, we note that Mr. Schultze traveled to St. Louis on the same day for oral arguments in both this case and *Williams v. Conagra Poultry Co.*, 378 F.3d 790 (8th Cir. 2004). For this reason, our fee award in *Williams* included only half of Mr. Schultze's travel expenses. Here the Eubanks firm appears to have billed for half of Mr. Schultze's airline and hotel expenses, and we decrease by half the five hours listed on Mr. Schultze's bill for travel to St. Louis.

## IV.

The attorney's fee award is computed as follows:

Total bill for attorney time of Eubanks firm:  $23,980

     (Mr. Welch $1380 (6.9 hrs. @ $200))

     (Mr. Schultze $22,600 (113 hrs. @ $200))

Deduct $500 (2.5 hours of Mr. Schultze's travel time)

Subtotal:  $23,480

Deduct $11,740 (fifty percent for limited success)

Total award for Eubanks attorney time:  $11,740

Total bill for expenses of Eubanks firm:  $ 2,580.97

Deduct $1,290.48 (fifty percent for limited success)

Total award for Eubanks expenses:  $1,290.49

Total bill for time for Mr. Blackstock and associates:  $ 6,235

    (Mr. Blackstock $5,980 (29.9 hrs. @ $200))

    (Attorney Emily Sneddon $105 (.6 hr. @ $175))

    (Paralegal $150 (3 hrs. @ $50))

No deductions

Total award  for Mr. Blackstock and associates time: $6,235

Total attorney's fee award (including time and expenses):  $19, 265.49

## V.

Accordingly, we enter the following attorney's fee award:

Mr. Warnock's motion for attorney's fees is granted, in part, and the defendants are ordered to pay to Mr. Warnock as attorney's fees a total of $19,265.49, which consists of $17,975 for attorney and paralegal time, and $1,290.49 in other expenses.

The clerk of this court is directed to request that the clerk of the district court add this attorney's fee award to the mandate.  *See* Fed. R. App. P. 47C(C).

_____