[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13220

_____

D.C. Docket No. 1:11-cv-20684-JAL


ILIANA GARRIDO,
K.G., by and through his next friend, et al.,


                                                                        Plaintiffs-Appellees,


versus


SECRETARY, FLORIDA AGENCY FOR
HEALTH CARE ADMINISTRATION,
Elizabeth Dudek,


                                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 15, 2016)

Before JORDAN, ROSENBAUM, and SILER,* Circuit Judges.

SILER, Circuit Judge:

Appellees K.G., I.D., and C.C. ("Plaintiffs"), three children diagnosed with autism spectrum disorder and enrolled in Florida's Medicaid program, filed suit against Appellant Elizabeth Dudek, the Secretary of the Florida Agency for Health Care Administration ("AHCA"), seeking to have the district court declare that AHCA violated the Medicaid Act and to enjoin it from denying coverage for applied behavioral analysis to Plaintiffs.  Following a bench trial, the district court issued a permanent injunction and declaratory judgment providing Plaintiffs with relief.  AHCA appealed the district court's injunction and declaratory judgment, and this court affirmed in part and reversed in part.  *Garrido v. Dudek*, 731 F.3d 1152 (11th Cir. 2013).  On remand, the district court awarded appellate attorney's fees to Plaintiffs under 42 U.S.C. § 1988, finding they were a "prevailing party" on appeal.  AHCA now appeals the award of attorney's fees.  For the reasons explained below, we reverse and remand.

**I.**

Plaintiffs K.G., I.D., and C.C. were all diagnosed with autism spectrum disorder ("ASD") and prescribed applied behavioral analysis treatment[1] ("ABA")

---

* Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

by their physicians.  The Florida Medicaid Community Behavioral Health Services Coverage and Limitations Handbook (the "Handbook"), incorporated by reference by Florida Administrative Code rule 59G-4.050, dictates Florida's Medicaid coverage for behavioral health services.  Prior to Plaintiffs' suit, the Handbook specifically excluded coverage for behavioral health services to treat ASD.  After Plaintiffs filed suit, AHCA determined that ABA was "experimental," which meant that Florida was not required to provide Medicaid coverage for ABA because the treatment was not "medically necessary."  *See* Fla. Stat. §§ 409.905, 409.906; Fla. Admin. Code r. 59G-1.010(166)(a)3 (identifying under what circumstances a good or service is "medically necessary").

Plaintiffs filed suit to have the Handbook's exclusion of coverage for ABA declared in violation of the Medicaid Act.   Plaintiffs also moved for a permanent injunction that would direct AHCA: (1) "to delete the [Handbook's] exclusion of behavioral health services for treatment of autism and pervasive developmental delay,"  (2) to amend the Handbook "to include coverage of medically necessary behavioral health services, including ABA, for treatment of Autism Spectrum Disorders in children and youth under age 21," and (3) to "[e]nsure that Plaintiffs receive Medicaid coverage for medically necessary behavioral health services,

---

[1] ABA is a type of treatment that "that uses a structured one-on-one program to treat behavioral needs."

3

including ABA."  Following a bench trial, the district court found that Plaintiffs had "established that Florida's exclusion of ABA for Medicaid-eligible minors diagnosed with autism or ASD violate[d] . . . the federal Medicaid Act."  *K.G. ex rel. Garrido v. Dudek*, 864 F. Supp. 2d 1314, 1327 (S.D. Fla. 2012).  Further, the district court held that ABA was medically necessary, concluding specifically that it was not experimental—thus overruling AHCA's prior determination that it was. *Id.* at 1320-21.  The district court also found that both AHCA's process and its resulting decision that ABA was experimental were "arbitrary, capricious, and unreasonable."  *Id*. at 1321-22.  With respect to Plaintiffs' request for an injunction, the district court ordered the following:

> 1. As of 10:50 a.m. on March 26, 2012, Defendant is enjoined from enforcing Florida Behavioral Health Rule 2-1-4 as it relates to autism, Autism Spectrum Disorder, and Applied Behavioral Analysis treatment.
>
> 2. As of 10:50 a.m. on March 26, 2012, the State of Florida is hereby ordered to provide, fund, and authorize Applied Behavioral Analysis treatment to Plaintiffs K.G., I.D., and C.C., as well as to all Medicaid-eligible persons under the age of 21 in Florida who have been diagnosed with autism or Autism Spectrum Disorder, as prescribed by a physician or other licensed practitioner.
>
> 3. Defendant shall notify all community behavioral health services providers enrolled in the Medicaid program that ABA is now a covered service for children who have been diagnosed with autism or Autism Spectrum Disorder.
>
> 4. Defendant shall notify all physicians enrolled in the Medicaid program who may provide [Early and Periodic Screening, Diagnosis and Treatment] . . . screens that ABA is now a covered service for

children who have been diagnosed with autism or Autism Spectrum Disorder.

5. Defendant shall designate an authorization code for ABA treatment and notify all persons in listed in numbers 3 and 4 of such designation.

6. Defendant shall take whatever additional steps are necessary for the immediate and orderly administration of ABA treatment for Medicaid-eligible persons under the age of 21 who have been diagnosed with autism or Autism Spectrum Disorder.

7. Defendant shall certify in an affidavit filed with the Court within seven (7) calendar days that numbers 3 through 6 of this Order have been accomplished.

*Id*. at 1327-28.

AHCA appealed the district court's order, raising three arguments:

I. Whether the district court abused its discretion in ordering Florida's Medicaid administrator to authorize and provide specific treatments to all autistic Medicaid recipients under twenty-one with a prescription for such treatment, without permitting the State to make individualized medical-necessity determinations.

II. Whether the district court abused its discretion in ordering injunctive relief to nonparties, when such relief was effectively class-wide relief with no certified class, and when such relief was not necessary to provide complete relief to Plaintiffs.

III. Whether the district court abused its discretion in entering verbatim Plaintiffs' proposed order for declaratory relief, which purports to provide relief to nonparties.

In the months following the injunction, AHCA sent transmittals to its providers explaining to them that while AHCA had been ordered to cover ABA, AHCA

5

sought to reverse that ruling and would cease to provide ABA if its appeal was successful.

On appeal, this court held that "the district court did not abuse its discretion in issuing a permanent injunction that overrules AHCA's determination that ABA is experimental (and AHCA's larger determination that ABA is *never* medically necessary) and requires Medicaid coverage of this treatment."  *Garrido*, 731 F.3d at 1160.  But this court vacated the district court's injunction in part and remanded for modification, explaining that "the language in the injunction's final section [wa]s out of step with the district court's analysis and what was actually decided." *Id*.  As such, the district court was directed to make the following modifications to the injunction order:

> 2. As of 10:50 a.m. on March 26, 2012, the State of Florida is hereby ordered to provide, fund, and authorize Applied Behavioral Analysis treatment to Plaintiffs K.G., I.D., and C.C.
>
> . . . .
>
> 6. Defendant shall take whatever additional steps are necessary for the immediate and orderly administration of ABA treatment to Plaintiffs K.G., I.D., and C.C.

*Id*. (footnotes omitted).  Additionally, the district court was ordered to amend the declaratory judgment to add two sections:

> 29. This declaration does not eliminate the Defendant's authority to make individual medical necessity determinations, in accordance with governing law and regulations.

6

. . . .

43. This declaration does not eliminate the Defendant's authority to make individual medical necessity determinations, in accordance with governing law and regulations.

*Id*. at 1160-61.

While still on appeal, Plaintiffs moved for an award of appellate attorney's fees pursuant to 42 U.S.C. § 1988. However, Plaintiffs' motion for attorney's fees was remanded for review by the district court. On remand, adopting the magistrate judge's report and recommendation, the district court awarded Plaintiffs $209,999 in appellate attorney's fees based on the determination that Plaintiffs at least partially prevailed on appeal. AHCA now appeals the award of appellate attorney's fees and the reasonableness of those fees.

## II.

A plaintiff may recover attorney's fees under 42 U.S.C. § 1988 only if he or she is deemed a "prevailing party." *Church of Scientology Flag Serv., Org., Inc. v. City of Clearwater*, 2 F.3d 1509, 1512 (11th Cir. 1993) (citation omitted). The district court's factual findings relevant to the determination of a "prevailing party" are reviewed for clear error, but whether the facts are sufficient to render a plaintiff a "prevailing party" is a legal question and thus reviewed de novo. *See id*. at 1512-13. Finally, "[w]e review a district court's decision whether to award attorney's fees and costs for abuse of discretion." *Dionne v. Floormasters Enters., Inc.*, 667

F.3d 1199, 1203 (11th Cir. 2012) (citing *Sahyers v. Holliday & Karatinos, P.L.*, 560 F.3d 1241 (11th Cir. 2009)).

### III.

AHCA raises two issues on appeal.  First, AHCA contends that Plaintiffs could not have prevailed on appeal because AHCA received the exact relief it sought when it appealed the district court's order.  Specifically, AHCA "appealed the excessive portion of the order purporting to mandate that AHCA provide ABA treatment to *all* Medicaid-eligible Florida residents under the age of 21 who have been diagnosed with autism."  And, according to AHCA, because this court agreed with its position on appeal, we "excised the challenged portion of the order, directing the district court to enter a specifically modified order."  Second, AHCA asserts that even if Plaintiffs prevailed on appeal, the district court abused its discretion by entering an unreasonable award of attorney's fees.  However, because Plaintiffs did not prevail in their previous appeal, we do not reach AHCA's second argument.

This appeal pertains only to Plaintiffs' appellate attorney's fees as the parties have already settled attorney's fees related to Plaintiffs' success in the district court.  Plaintiffs may be awarded attorney's fees under 42 U.S.C. § 1988 as a "prevailing party" by "successfully defending an attack on the award in [their] favor on appeal."  *Fewquay v. Page*, 907 F.2d 1046, 1046 (11th Cir. 1990)

(citations omitted). "[A] 'prevailing party' is one who prevails on 'any significant issue' and thereby achieves some of the benefits sought by bringing suit." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012) (citing *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92, 109 S. Ct. 1486 (1989)). "But when the defendant appeals and the plaintiff incurs expenses in defending against the appeal that are reasonable even though they are not crowned by complete success, ordinarily he should be entitled to reimbursement of those fees; he had no choice but to incur them or forfeit his victory in the district court." *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988).

Although the parties separately discuss each of the three issues AHCA raised in the previous appeal, all of those issues were aimed at achieving one objective: that this court "vacate the injunctive and declaratory relief and remand for entry of a limited order affording relief only to Plaintiffs." AHCA claims that it succeeded on appeal because this court vacated portions of the permanent injunction and inserted two paragraphs into the declaratory judgment. According to AHCA, this court vacated the permanent injunction and declaratory judgement based on its request for this court to find that "the district court abused its discretion in ordering Florida's Medicaid administrator to authorize and provide specific treatments to all autistic Medicaid recipients under twenty-one with a prescription for such

9

treatment, without permitting the State to make individualized medical-necessity determinations." Plaintiffs reject AHCA's interpretation of this court's opinion, contending that AHCA "unsuccessfully requested an order to 'vacate the injunctive and declaratory relief and remand for entry of a limited order affording relief only to Plaintiffs.'" Further, Plaintiffs argue that AHCA premised its brief on a misunderstanding of the district court's orders and was inconsistent with what the parties stipulated to prior to trial.

In determining that Plaintiffs at least partially prevailed on appeal, the magistrate judge concluded that although this court modified the wording of the district court's orders, the "alterations were not the result of the Court of Appeals accepting AHCA's legal arguments. Instead, the language modifications were made in recognition of AHCA's erroneous interpretation of the District Court's ruling upon which AHCA's arguments were based." Likewise, adopting the magistrate judge's report and recommendation, the district court concluded that this court "made clear that Issue I was premised on a misinterpretation of the Court's Injunction and Declaratory Judgment." Additionally, the district court suggested that AHCA's objection to the language of the injunction "could have been dealt with by a motion for clarification to this Court."

Plaintiffs and AHCA agreed on a fundamental starting point in the previous appeal: that "the question of individual medical necessity determinations—other

10

than those of Plaintiffs K.G., I.D., and C.C.—was explicitly not before the district court." *Garrido*, 731 F.3d at 1160. Not only did the parties stipulate to that fact prior to the bench trial, but the district court also explicitly stated that it "did not enjoin the State from performing individual medical necessity determinations." Where the parties diverged, however, was on their respective understandings of the effect of the district court's injunction and declaratory judgment.

AHCA believed that, despite the parties' agreement to the contrary, the district court's injunction eliminated its ability to make individualized medical-necessity determinations. Plaintiffs argued that "[t]he trial court did no such thing." In making this claim, Plaintiffs pointed to the absence of language in the injunction explicitly revoking AHCA's ability to make individual determinations as evidence that AHCA was not removed from the decision-making process. In response, AHCA directed the prior panel's attention to the language of the injunction—specifically the statement that "ABA *is* 'medically necessary' and is not 'experimental'"—as evidence that AHCA was not left any kind of role, implicit or otherwise. In essence, AHCA contended that its role in the decision-making process could not simultaneously coexist with the language authorizing AHCA to provide ABA. Despite these differing interpretations, however, both parties claimed victory based on the resolution of this court's prior opinion.

11

Early in its brief for the previous appeal, AHCA stated that it "respectfully disagree[d] with the district court's conclusion that ABA is medically necessary and not experimental as to Plaintiffs," but that it "ha[d] elected *not to appeal* Plaintiffs' present entitlement to ABA services." Further, AHCA clarified that *it was not appealing* the part of "the Injunction that invalidated the portion of the Behavioral Health Handbook, Fla. Admin. Code R. 59G-4.050, that stated 'Medicaid does not pay for community behavioral health services for treatment of autism . . . .'" In fact, AHCA later stated in its brief that it had initiated a rule-making process to "guide medical-necessity determinations in future cases" in direct response to the district court's criticism of AHCA's determination that ABA was experimental.

Although AHCA objected to the injunction's statement that "ABA *is* 'medically necessary' and is not 'experimental'" in its brief, it did so for the sole purpose of demonstrating that the injunction "express[ly] direct[ed] that [it] *authorize* ABA to a broad class—without any qualification for medical necessity." On that point, AHCA explained that the injunction "could not have at once 'implicitly' left it to AHCA to determine medical necessity and expressly ordered that 'ABA is medically necessary.'" Simply put, nothing in AHCA's brief suggested that it was appealing anything other than the portion of the injunction and declaratory judgment stripping it of its ability to determine medical necessity.

Our present reading of the issues raised by AHCA in its previous appeal comports with the scope of the appeal considered by the prior panel. In the previous opinion, this court framed AHCA's request for relief as follows:

> At the outset we note that Defendant [AHCA] does not challenge either Plaintiffs' entitlement to ABA treatment as a covered Medicaid service or that section of the permanent injunction invalidating the Handbook Rule excluding ABA treatment from Medicaid coverage.
>
> Rather, [AHCA] appeals the scope of the permanent injunction and declaratory judgment, contending that both go beyond what was necessary to afford Plaintiffs complete relief. [AHCA] argues that the district court entered an injunction that impermissibly provides that all autistic Medicaid recipients under the age of 21 with a prescription for ABA are automatically entitled to ABA treatment, regardless of the medical necessity of ABA treatment in any individual case. Thus, [AHCA] contends, the injunction interferes with Florida's policy decision to limit Medicaid coverage to medically necessary services, and it deprives AHCA of its statutory responsibility to assess the medical necessity of prescribed services in individual cases.

*Garrido*, 731 F.3d at 1158. Plaintiffs took a position in opposition to that of AHCA, arguing that "the permanent injunction and declaratory judgment d[id] not eliminate individual medical necessity determinations." *Id.* To this end, Plaintiffs specifically asserted in their brief that "the scope of th[e] injunction [was] no broader than necessary for the Plaintiffs' complete relief." This court, however, noted that "the language of the district court's ruling made it appear that the district court had made a wholesale determination that ABA is always medically necessary

13

to treat a Medicaid-eligible minor's ASD." *Garrido*, 731 F.3d at 1160.[2]  As a result, the panel concluded that the district court's orders were overbroad—though referring to them euphemistically as "out of step"—and therefore required modification to prevent misinterpretation   *Id*. at 1160.  Whether Plaintiffs or the court below call the change to the orders a "clarification" or "wordsmithing,"  it does not change the fact that AHCA sought the modification, Plaintiffs opposed it, and this court awarded it.  This result leaves Plaintiffs unable to articulate any part of the appeal they successfully defended.[3]

Finally, if the permanent injunction and declaratory relief had accurately reflected the parties' understanding of AHCA's remaining role, the panel would have affirmed without taking any other action.  The panel instead determined that the district court's orders were incongruent with its own findings and method of enforcement and therefore modified them to rectify the overbreadth.[4]  Moreover,

---

[2] As evidence of the ambiguous nature of the permanent injunction, even before this court issued its decision, pro se nonparties had already moved to hold AHCA in contempt based "on the misunderstanding that the district court's permanent injunction order automatically entitled those nonparties to Medicaid coverage of ABA treatment." *Garrido*, 731 F.3d at 1160.

[3] It is insufficient to solely rely on this court's prior statement that the "the district court did not abuse its discretion" in claiming victory when that statement did not actually relate to any matters actually being challenged by AHCA on appeal.  Even the magistrate judge struggled to relate the abuse-of-discretion statement to an issue being appealed, deciding instead to conclude that the "strong wording from the Court of Appeals" must mean that the Plaintiffs partially prevailed ipso facto.  Where the test for a prevailing party asks whether the party succeeded on a significant issue, it is not enough to shoehorn this court's agreement with an uncontested issue into a victory.

[4] Adopting the position of the magistrate court, the district court suggested that AHCA's appeal was unnecessary because AHCA could have resolved the problem with a motion for clarification.  This contention disregards the fact that the district court stated in its order denying

14

had Plaintiffs conceded that the injunction and declaratory judgment were overly broad, the parties could have just reached an agreement to modify without the expense of an appeal or jeopardizing the relief Plaintiffs obtained from the district court.[5]    In other words, this case did not present Plaintiffs with a Hobson's choice—either defend on appeal or forfeit their success in the district court— because Plaintiffs would not have lost any ground by conceding to AHCA on appeal and in fact did not lose any successes gained in the district court when this panel reversed.    Nevertheless, Plaintiffs defended the language of the orders, incurred expenses without real risk of forfeiting any victory in the district court, and lost.    Therefore, Plaintiffs were not a prevailing party on appeal and are not eligible for appellate attorney's fees.

## IV.

AHCA previously appealed for the sole purpose to have this court vacate and remand the district court's permanent injunction and declaratory judgment for

---

AHCA's motion for partial stay that its injunction "did not enjoin the State from performing individual medical necessity determinations."    Since the district court did not interpret the injunction as being overbroad, why is it reasonable to believe that the court would have granted a motion to clarify it?

[5] Plaintiffs contend that they "repeatedly expressed that they had no objection to modifications that would clarify the district court's orders."  This is not supported by the record. At most, Plaintiffs suggested that the district court could act sua sponte to modify the orders, not that they necessarily consented to the modification.  Moreover, if Plaintiffs had actually agreed to modify, then they could have stated on appeal that while they do not believe the district court's order to be overbroad, they do not oppose any modifications to clarify that point.  As AHCA notes, such a course of action would not have resulted in Plaintiffs' requesting more than $200,000 for their work on appeal.

15

entry of a narrower order to make clear that AHCA retained the ability to make individualized medical-necessity determinations for Medicaid participants seeking ABA treatment. This court granted the relief AHCA sought by amending the district court's orders to remedy their overbreadth. Therefore, Plaintiffs were not a prevailing party on appeal and were not entitled to appellate attorney's fees.

**REVERSED AND REMANDED.**

ROSENBAUM, Circuit Judge, dissenting:

Hindsight is 20/20.  But sometimes things look very different from the front end.  That is the problem here.  The Majority holds that Plaintiffs were not the prevailing party in the earlier appeal before this Court (Case No. 12-13785-DD) because "[the Florida Agency for Health Care Administration ("AHCA")] sought the modification [to the injunction that the district court entered], Plaintiffs opposed it, and this court awarded it."  Maj. Op. at 15.  But while this retrospective summary has the virtue of brevity, I respectfully disagree that it tells the whole story.  Looking at events from the front end of the appeal in Case No. 12-13785-DD, as Plaintiffs necessarily did when they had to decide whether to defend the injunction, AHCA's position in its appellate briefing in that case could fairly be understood to seek significantly broader modifications to the injunction than we ended up directing.

Plaintiffs argued against the breadth of relief AHCA sought, and, in substantial part, we accordingly limited the scope of relief we ordered.  That AHCA now characterizes itself as having sought only the relief we actually ordered does not change the fact that AHCA did not obtain the breadth of relief it appeared in its briefing to seek.  And Plaintiffs' successful defense of the challenged parts of the injunction from AHCA's attempts to modify them renders Plaintiffs a prevailing party entitled to attorneys' fees.

To understand what AHCA indicated in its briefing in Case No. 12-13785-DD that it was appealing, we must start with what AHCA expressly stated it was not appealing.  AHCA specified that it was not appealing the district court's order to the extents that the district court concluded that "[Applied Behavioral Analysis ("ABA")] is medically necessary and *not experimental as to Plaintiffs*" and that the injunction "invalidated the portion of the Behavioral Health Handbook, Fla. Admin. Code R. 59G-4.050, that stated 'Medicaid does not pay for community behavioral health services for treatment of autism . . . .'"  AHCA's Opening Brief in *Dudek v. K.G.*, Case No. 12-13785-DD (11th Cir.) ("AHCA's *Dudek* Br.") at 12 (emphasis added).

After carving out that relief, however, AHCA stated without qualification that it was challenging "the district court's grant of *additional relief*, which was impermissibly overbroad and an abuse of discretion."  *Id.* (emphasis added).  It then went on to take issue with the "Injunction's express finding that 'ABA is "medically necessary" and *is not "experimental"* as defined under Florida administrative law and federal law," *id.* at 18 (emphasis added) (modification by AHCA omitted); to assert that "an injunction directing AHCA to cover the ABA services *of Plaintiffs* would have been sufficient to provide complete relief to the parties," *id.* at 29 (emphasis added); and to repeat that it was not appealing "the district court's determination that ABA services are medically necessary and *not*

*experimental as to Plaintiffs* at the time the Injunction was entered," *id*. at 32 (emphasis added).  And it did all of this against the background of having issued a Health Care Alerts & Provider Alerts Message, which said, "[A] federal judge ordered Florida Medicaid to cover [ABA] for the treatment of autism spectrum disorders for children under the age of 21, effective April 2, 2012.  Please note that [AHCA] intends to appeal this ruling.  If the ruling is overturned, Medicaid will cease to cover these services for the treatment of autism spectrum disorders."

So, AHCA's statements in its briefing may be fairly read to indicate that, among other things, AHCA was challenging the district court's order to the extent that the order concluded generally, as opposed to finding in Plaintiffs' case only, that ABA is not experimental under Florida administrative law and federal law.  If successful, this argument would have resulted in a modification to paragraphs 2 through 6 of the injunction[1] because if, as generally applied, ABA remains

---

[1] Paragraphs 2 through 6 of the injunction provide,

2.  As of 10:50 a.m. on March 26, 2012, the State of Florida is hereby ordered to provide, fund, and authorize Applied Behavioral Analysis treatment . . . to all Medicaid-eligible persons under the age of 21 in Florida who have been diagnosed with autism or Autism Spectrum Disorder, as prescribed by a physician or other licensed practitioner.

3.  Defendant shall notify all community behavioral health services providers enrolled in the Medicaid program that ABA is now a covered service for children who have been diagnosed with autism or Autism Spectrum Disorder.

"experimental" under Florida administrative law and federal law, it cannot be "provide[d], fund[ed], and authorize[d]" treatment for Autism and Autism Spectrum Disorder, and it cannot be a "covered service."

By stating an intent to appeal all relief except as related to Plaintiffs and the striking of the handbook provision, AHCA's statements in its *Dudek* briefing further suggested that it sought to invalidate those parts of the injunction that provided that all community behavioral health services providers and physicians enrolled in the Medicaid program had to be notified that ABA is a "covered service for children who have been diagnosed with autism or Autism Spectrum Disorder" (paragraphs 3 and 4) and that an authorization code for ABA treatment must be designated and communicated to community behavioral health services providers and physicians enrolled in the Medicaid program who may provide [early and

---

4.    Defendant shall notify all physicians enrolled in the Medicaid program who may provide EPSDT screens that ABA is now a covered service for children who have been diagnosed with autism or Autism Spectrum Disorder.

5.    Defendant shall designate an authorization code for ABA treatment and notify all persons in listed in numbers 3 and 4 of such designation.

6.    Defendant shall take whatever additional steps are necessary for the immediate and orderly administration of ABA treatment for Medicaid-eligible persons under the age of 21 who have been diagnosed with autism or Autism Spectrum Disorder.

20

episodic screening, diagnostic, and treatment services ("EPSDT")] screens (paragraph 5).

Not surprisingly, that's how Plaintiffs construed AHCA's briefing in *Dudek*. Indeed, in response, Plaintiffs defended ABA as a "covered benefit," and argued that the injunction properly "provide[d], fund[ed], and authorize[d] prescribed ABA for EPSDT *eligible individuals* [not just Plaintiffs] with autism spectrum disorders; . . . designate[d] authorization code(s); and . . . inform[ed] relevant providers that ABA is a covered benefit for EPSDT eligible children."[2]  *See* Plaintiffs' Response Brief in *Dudek v. K.G.*, Case No. 12-13785-DD (11th Cir.) ("Plaintiffs' *Dudek* Br.") (emphasis added).

In the end, we did not disturb the district court's finding that ABA is not experimental with respect to *all* eligible children with autism spectrum disorders. And we neither modified nor struck paragraphs 3 through 5 of the injunction, which apply generally throughout Florida's Medicaid program and not just to Plaintiffs.  *See Garrido v. Dudek*, 731 F.3d 1152, 1157-58 (11th Cir. 2013).  In

---

[2] Plaintiffs never took the position that the injunction prohibited AHCA's ability to make individualized medical-necessity determinations, even after the entry of the injunction. *See* Plaintiffs' *Dudek* Br. at 13.  In fact, to respond to AHCA's concerns, Plaintiffs proposed modifying paragraph 2 to state, "[T]he State of Florida is hereby ordered to provide, fund, and authorize '*medically* necessary' Applied Behavioral Analysis treatment . . . ." *Id.* at 22.  The district court likewise construed its own injunction to allow AHCA to continue to make individualized determinations of medical necessity, dismissing a case that sought to hold AHCA in contempt for not automatically authorizing ABA for Medicaid claimants without an individualized determination of medical necessity.

other words, Plaintiffs successfully defended these aspects of the injunction from AHCA's claims on appeal.

Under these circumstances, Plaintiffs were a "prevailing party" for purposes of awarding attorneys' fees. Here, Plaintiffs acted essentially as "private attorneys general," defending an injunction that benefited not just themselves but all eligible children in Florida with autism spectrum disorders. *See Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401-02, 88 S. Ct. 964, 966 (1968). "If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts." *Id.* For this reason, "when the defendant appeals [in a civil-rights action] and the plaintiff incurs expenses in defending against the appeal that are reasonable even though they are not crowned by complete success, ordinarily he should be entitled to reimbursement of those fees; he had no choice but to incur them or forfeit his victory in the district court." *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988).

That is precisely what happened in this case. Though AHCA succeeded in obtaining a modification of the injunction to reflect that it retained authority to make individualized medical-necessity determinations, Plaintiffs did not contest this aspect of the relief that AHCA requested, and they successfully defended the injunction from the further modifications that AHCA's briefing indicated it sought.

22

And it was perfectly reasonable for Plaintiffs to have defended on appeal challenges to, among other things, the generally applicable aspects of the injunction, including the third through fifth paragraphs of it, in light of AHCA's statements in its *Dudek* briefing that are fairly construed as seeking broader relief than AHCA now claims. Indeed, Plaintiffs could not realistically be expected to stand idly by and hope for the best, under the circumstances. Having forced Plaintiffs to defend on appeal challenges to these aspects of the injunction, AHCA should not now be able to escape the natural consequences of its actions—Plaintiffs' incurrence of attorneys' fees. For this reason, I respectfully dissent from the Majority's view that Plaintiffs were not entitled to attorneys' fees incurred in defending the appeal in Case No. 12-13785-DD.

I would therefore reach the second issue that AHCA raises on appeal: the reasonableness of the fee award to Plaintiffs. But AHCA did not object to the amount of attorneys' fees recommended by the magistrate judge and ultimately granted by the district court, even though the magistrate judge's report and recommendation expressly cautioned that "[f]ailure to file timely objections shall bar the Parties from a de novo determination by the District Court of an issue covered in this Report and Recommendation[] and bar the Parties from attacking on appeal the factual findings contained herein." As a result, AHCA has forfeited the right to challenge the reasonableness of the fees now. *Resolution Trust Corp.*

*v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (per curiam).

AHCA itself appears to implicitly concede this point, since it did not respond in its

reply brief to Plaintiffs' argument to this effect.  For these reasons, I would affirm

the award of attorneys' fees to Plaintiffs.